[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 21, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-16011 & 06-10776
Non-Argument Calendar

_____

D. C. Docket No. 05-00014-CV-4-RH

FRANK J. LAWRENCE, JR.,

Plaintiff-Appellant,

versus

R. TERRY RIGSBY,
in his official capacity as Chairman of
the Florida Board of Bar Examiners,
ELEANOR MITCHELL HUNTER,
in her official capacity as Executive
Director of the Florida Board of Bar Examiners,
HON. BARBARA J. PARIENTE,
in her official capacity as Chief Justice
of the Florida Supreme Court,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

**(September 21, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Frank J. Lawrence, Jr. was denied admission to the Florida Bar for failing to meet the fitness requirements. He filed a complaint in the district court, raising federal constitutional and statutory challenges to the denial of his admission. In an order dated October 7, 2005, the district court dismissed his complaint based on the abstention principles set forth in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) where the Supreme Court determined that federal action challenging ongoing state bar disciplinary proceedings is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). A later filed motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) was denied in an order dated January 17, 2006 based on the principles set forth in the *Rooker-Feldman* doctrine. In that order, the district court found that federal review of the Florida Supreme Court's decision denying Lawrence admission to the Florida Bar would be improper because it would essentially constitute an appeal of a state court decision in a federal district court, and that relief is more appropriate on a petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923);

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206, (1982). Lawrence now challenges those rulings in this consolidated appeal.

After careful consideration of the briefs and record, we find that the district court's orders constitute a proper application of the controlling law to the material facts in this case. We therefore affirm the court's judgments.

**AFFIRMED.**